UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61670-CIV-ROSENBAUM

GUARANTEE INSURANCE COMPANY,
*et al.*,

                Plaintiffs,

v.

BRAND MANAGEMENT SERVICE, INC.,
*et al.*,

                Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR ALTERNATIVELY PERMITTING NOTICE OF *EX PARTE* REQUEST FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction and Supporting Memorandum of Law [D.E. 4]. The Court has carefully considered Plaintiffs' Motion and attached exhibits and is otherwise fully advised in the premises.

On August 24, 2012, Plaintiffs filed their Complaint against Defendants [D.E. 1]. On August 30, 2012, Plaintiffs filed their Motion for a Preliminary Injunction. As of August 30, 2012, it appears that neither the Complaint nor the Motion has been served on Defendants.

Rule 65, Fed. R. Civ. P., governs the issuance of preliminary injunctions as well as temporary restraining orders. In order for a court to issue a preliminary injunction, notice must be given to the adverse party. Fed. R. Civ. P. 65(a)(1). Under Rule 65(b)(1), however, a court may issue a temporary restraining order without notice to the adverse party or its attorney, but may do so only if the moving party meets both of these conditions:

  (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*

  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, Plaintiffs' Motion requests a preliminary injunction but includes no certificate of service or any other indication that Plaintiffs have provided notice of the injunction that they seek. Without the notice required by Rule 65(a)(1), a preliminary injunction is unavailable.

Alternatively, if Plaintiffs are actually seeking an *ex parte* temporary restraining order under Rule 65(b), they have failed to meet both requirements under Rule 65(b)(1) as outlined above. Plaintiffs have stated in their affidavit the losses they currently are suffering, giving rise to their claim, and have made the general assertion that "[u]pon information and belief, Defendants have allowed the collateral (as described in the Security Agreements), and/or proceeds secured therein to be improperly transferred, conveyed, dissipated and/or encumbered." D.E. 4-1, ¶ 19. This is the root of their complaint, however, and Plaintiffs have not adduced any specific facts in the affidavit indicating that an immediate and irreparable harm will result to them *before* Defendants are given notice and can be heard in opposition. In their Motion, Plaintiffs elaborate slightly, indicating that Defendants "have engaged in a series of loans among themselves and with other entities owned and/or operated by Weber in an effort to hide, transfer, encumber or dispose of the secured collateral." D.E. 4, ¶ 16. Although the assertions contained in the Motion cannot be used to satisfy Rule 65(b)(1)(A),[1] Plaintiffs fail to demonstrate how this amounts to irreparable harm, particularly

---

[1] Courts are required to adhere strictly to the provisions of Rule 65. Failure to meet the technical requirements of the Rule results in denial of the motion. *See Clean Coal Techs., Inc. v. Salomon*, No. 08-60520-CIV-ZLOCH, 2008 WL 1711096, at *1 (S.D. Fla. Apr. 11, 2008) (citing

when Plaintiffs' Complaint seeks to pierce the corporate veil with regard to Defendants and their related entities. D.E. 1 at 12-13.

Further, even if Plaintiffs' affidavit were sufficient under Rule 65(b)(1)(A), Plaintiffs' counsel has not certified any efforts to give notice nor provided the reasons why notice should not be required, thus failing to satisfy Rule 65(b)(1)(B). For this reason, an *ex parte* temporary restraining order cannot be issued on the basis of Plaintiffs' Motion.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiffs' Motion for Preliminary Injunction and Supporting Memorandum of Law [D.E. 4] is **DENIED WITHOUT PREJUDICE**. Should Plaintiffs satisfactorily comply with Rule 65(a)(1), Fed. R. Civ. P., the Court will consider their Motion anew. Alternatively, Plaintiffs may seek to convert their Motion into an *ex parte* motion for a temporary restraining order by a notice complying with the provisions of Rule 65(b)(1), Fed. R. Civ. P.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 3rd day of September 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

*Leslie v. Penn Cent. R.R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969)); *see also Thompson v. Ramirez*, 597 F. Supp. 726, 726 (D.P.R. 1984) ("The requirements of Rule 65 . . . are not mere technicalities, but establish minimum due process. These requirements must be strictly complied with to obtain ex parte relief.")