**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-61670-CIV-ROSENBAUM**

GUARANTEE INSURANCE COMPANY,
*et al.*,

                Plaintiffs,

v.

BRAND MANAGEMENT SERVICE, INC.,
*et al.*,

                Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiffs' Motion for Reconsideration of their Motion for

Preliminary Injunction and Motion for Expedited Discovery and Request to Accept Motions as Filed

Based on the Clerk's Summons [D.E. 10]. The Court has carefully considered Plaintiffs' Motion

and attached exhibits and is otherwise fully advised in the premises.

On August 24, 2012, Plaintiffs filed their Complaint against Defendants [D.E. 1]. On August

30, 2012, Plaintiffs filed their Motion for a Preliminary Injunction [D.E. 4]. On August 31, Plaintiffs

filed their Motion to Expedite Discovery [D.E. 5] as well as a Notice of Proposed Summonses to be

served on Defendants [D.E. 6]. Summonses were issued for Defendants on September 4, 2012, but

the record does not reflect that the Complaint, the Motion for Preliminary Injunction, or the Motion

for Expedited Discovery has actually been served on Defendants.

On September 3, 2012, this Court denied without prejudice Plaintiffs' Motion for Preliminary

Injunction because the Motion failed to comply with the Federal Rules of Civil Procedure, which

explicitly state that "[t]he court may issue a preliminary injunction *only on notice* to the adverse party." Fed. R. Civ. P. 65(a)(1) (emphasis added).  This Court also granted leave for Plaintiffs to convert their Motion for Preliminary Injunction into an *ex parte* motion for a temporary restraining order.  D.E. 7 at 3.  Plaintiffs have indicated, however, that they do not intend for their Motion for Preliminary Injunction to be *ex parte* in nature.  D.E. 10 ¶ 3.

On September 4, 2012, this Court denied Plaintiffs' Motion for Expedited Discovery because it did not contain a Certificate of Service as required by the Local Rules of this Court. S.D. Fla. L. R. 5.2(a).  The Local Rules require a Certificate of Service for all papers that must be served under Rule 5 of the Federal Rules of Civil Procedure.  *Id.*  Rule 5 requires service of, among other things, written motions. Fed. R. Civ. P. 5(a)(1)(D).  Rule 5 further requires a party to file both the paper that was served and a Certificate of Service "within a reasonable time *after service*."  Fed. R. Civ. P. 5(d)(1) (emphasis added).

Plaintiffs also filed their Motion for Reconsideration [D.E. 10] on September 4, 2012.  In their Motion, Plaintiffs recount that the summonses have been issued and that along with them, copies of the Complaint, the Motion for Preliminary Injunction, and the Motion for Expedited Discovery *will be served* on Defendants.  D.E. 10 ¶ 5.  Plaintiffs support their Motion for Reconsideration by noting that they intend to give notice via the summonses, that they could not certify service since service had not yet been made, and that since their motions have been denied, the summonses will have to be reissued, which they claim will be inefficient. D.E. 10 at 3.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). Only three

major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman*, 153 F.R.D. at 694).

Plaintiffs here fail to cite to *any* law, let alone any change in controlling law, that would justify or excuse their failure to comply with the service provisions of the Federal and Local Rules. Plaintiffs cite the issuance of summonses as evidence of their intent to serve defendants, but again, this "new evidence" fails to demonstrate that they have complied with the service provisions of the Federal and Local Rules or that they should be exempted from those rules.  Finally, Plaintiffs point out no clear error of law in the Court's previous denials, and any inefficiencies brought on by Plaintiffs' own failure to comply with the rules do not rise to the level of "manifest injustice."

For these reasons, it is **ORDERED and ADJUDGED** that Plaintiffs' Motion for Reconsideration of their Motion for Preliminary Injunction and Motion for Expedited Discovery and Request to Accept Motions as Filed Based on the Clerk's Summons [D.E. 10] is **DENIED**. Plaintiffs may refile their motions when their motions contain a certificate of service certifying that service on Defendants has been made.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 5th day of September 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

cc:      Counsel of Record