**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO.: 12-CV-61670-RSR

GUARANTEE INSURANCE COMPANY, PATRIOT NATIONAL INSURANCE GROUP, and PATRIOT UNDERWRITERS, INC.,

Plaintiffs,

vs.

BRAND MANAGEMENT SERVICE, INC. a/k/a BRAND MANAGMENT SERVICE and HERSHEL WEBER a/k/a HERSCHEL WEBER a/k/a HERSHAL WEBER a/k/a HAROLD WEBER,

Defendants.
_______________________________________ /

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY INJUNCTION [D.E. 16]**

**COME NOW**, Defendants, BRAND MANAGEMENT SERVICE, INC. a/k/a BRAND MANAGMENT SERVICE (hereinafter "Brand"), and HERSHEL WEBER a/k/a HERSCHEL WEBER a/k/a HERSHAL WEBER a/k/a HAROLD WEBER (hereinafetr "Weber"), and specially appear and file their Memorandum of Law in Opposition to Plaintiffs' Motion for Preliminary Injunction [D.E. 16], and state as follows:

## A. STATEMENT OF FACTS

The collateral, which is the subject of the foreclosure count, is not (and has never been) located in Florida. In paragraph 2 of the affidavit of Leib A. Halberstam, (who negotiated the contacts with Plaintiffs on behalf of Brand), he attested that:

> "All of the collateral, tangible and intangible (including all records pertaining thereto), which is referred to in the Security Agreements entered into by and among Brand, Hershel Weber ("Weber") and Guarantee, copies of which are annexed to Guarantee's Motion to this Court as Exhibit "E," are located solely in Brooklyn, New York. Neither Brand nor Weber have any assets or properties in the State of Florida." Para. 2 of Affidavit of Leib A. Halberstam, dated September 20, 2012.

Furthermore, in paragraph 3 of the affidavit of Leib A. Halberstam he testified, stated, and attested that:

> "All of the accounts receivable due and owing to Brand are due to it in New York. Brand has no customers in Florida and has collateral or assets, whether tangible or intangible in the State of Florida. None of Brand's accounts receivable are due to it from any person or entity in Florida." Para. 3 of Affidavit of Leib A. Halberstam, dated September 20, 2012.

Defendants have made more that $18,759,926.07 in payments to the Plaintiffs. In paragraph 5 of the affidavit of Leib A. Halberstam he testified, stated, and attested that:

> "Annexed hereto as Exhibit "1" is a computer printout of all payments made by Brand and Weber to Guarantee with respect to premiums on the Worker's Compensation Insurance Policies, payments with respect to establishing the collateral account and payments with respect to reimbursement to Guarantee for the deductible." Para. 5 of Affidavit of Leib A. Halberstam, dated September 20, 2012.

## B. INTRODUCTION

In their complaint, the Plaintiffs brought eight different counts against the defendants. This Court should consider Count VIII as the sole basis for granting injunctive relief. Count VIII seeks the enforcement of a security interest on personal property currently owned by Defendants but entirely located in the State of New York. Six of the eight counts seek money damages. As such, any injunctive relief requested, which is based on the allegations pertaining to those counts, cannot be granted.

Plaintiffs' equitable claim for foreclosure of a security agreement fails because the Court

lacks in rem jurisdiction over the property. Second, the Plaintiffs failed to plead and submit evidence entitling them to the injunctive relief sought. The Plaintiffs failed to satisfy all of the elements necessary to warrant the issuance of an injunctive relief.

**C. NO ENTITLEMENT TO PREJUDGMENT INJUNCTIVE RELIEF FOR MONETARY CLAIMS**

Plaintiffs' application for an injunction, to preserve or to enforce claims for money damages is prohibited under Federal and Florida Law. For example, in Rosen v. Cascade International, Inc., 21 F. 3d 1520 (11th Cir. 1994), the Eleventh Circuit Court of Appeals overturned a motion for a temporary restraining order freezing assets of a party. In that case, the applicant for the temporary restraining order only had asserted legal claims against the defendant. The Eleventh Circuit Court of Appeals noted that "the appellees argue that the district court had general equitable authority to issue the injunction even though the complaints against Moses seek only legal relief in the form of money damages." Rosen, supra at 1526. Moreover, it expressly held that "accordingly, the use of injunctive relief as a substitute for the remedy of prejudgment attachment, with its attendant safeguards, is improper." Rosen, supra at 1531.

In the instant case, the Plaintiffs are seeking injunctive relief as a substitute for the remedy of prejudgment replevin or attachment so they can avoid the safeguards provided before a replevin or attachment will issue. In addition, the Plaintiffs are looking to avoid posting the bond required under the prejudgment replevin and attachment statutes.

**D. APPLICANTS FAILED TO MEET BURDEN OF PROOF TO FREEZE ASSETS**

In addition, Plaintiffs failed to meet the burden of proof needed to freeze assets. In Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 493, 1 L.Ed.2d 435 (1974), the

United States Supreme Court stated that "the burden was on the employers to show that they were entitled to a preliminary injunction, not on the Union to show that they were not." Granny, supra at 442. In Granny Goose, supra, the United States Supreme Court also recognized that "Rule 65(b) does not place upon the party against whom a temporary restraining order has issued the burden of coming forward and presenting its case against a preliminary injunction." Granny, supra at 442.

**E. PLAINTIFFS DID NOT ESTABLISH THE ELEMENTS FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS**

In Barrett v. Roberts, 551 F.2d 662 (5th Cir. 1997), Fifth Circuit Court of Appeals found that in order for a party to obtain injunctive relief, he must establish:

(1) the likelihood that he will succeed on the merits;

(2) the irreparable injury he will suffer if the interim relief is not granted;

(3) the lack of prejudice to the adverse party if the injunction is issued; and,

(4) the issuance of the injunction is in the public interest.

In Moody v. Alabama Attorney General, 2000 WL 1844678 (S.D. Ala. 2000), the court took the view that in order to obtain a preliminary injunction, the applicant must show:

> (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to public interest. Moody, supra at 2.

In United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir 1983), the Eleventh Circuit Court of Appeals, in discussing the propriety of the issuance of an injunction, stated that "the preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites." Jefferson, supra at

1519. A finding against Plaintiff on any of the four factors will require the denial of preliminary injunctive relief. Continental Oil Company v. Crutcher, 465 F. Supp. 118,120 (E.D. La. 1979). See also United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983) (finding that a preliminary injunction was properly denied where movant failed to established one factor because movant bore burden of persuasion on each of the four factors).

**F. CREDITOR MUST HAVE REASONABLE PROBABILITY OF RECOVERING IN FORECLOSURE ACTION**

Additionally, Plaintiffs must prove a reasonable probability of recovering in the main action. In American Can Company v. Mansukhani, 742F. 2d 314 (7th Cir.1984), the Seventh Circuit Court of Appeals stated that "a district court abuses its discretion in issuing a preliminary injunction when it applies an incorrect legal standard in determining the likelihood of success on the merits." American Can, supra at 326.

As early as 1873, in Cunningham v. Tucker, 14 Fla. 251 (Fla. 1873), the Florida supreme court noted that an order for an injunction and receivership should not have been granted. There, the defendants had denied the validity of the complainant's chattel mortgage. The complaint did not show that the mortgage was valid against them. In effect, the complaint had not shown that the creditor had a reasonable probability of recovering in the main action to foreclose the mortgage.

In Conway Meats, Inc. v. Orange Partnership, 440 So.2d 674 (Fla. 1st DCA 1983), it was held that an injunction against a transferee corporation, which restrained disposition of its property, was improvidently entered, since:

(a) the creditor failed to show that any specific assets had been given to the transferee corporation by the debtor,

(b) the creditor failed to show that its remedy at law was inadequate, or that it would suffer irreparable injury, and,

(c) the creditor failed to furnish a proper injunction bond.

In Center Capital Corporation v. Gulfstream Crane, LLC, 2009 WL 4909430 (S.D. Fla. 2009), the United States Magistrate recommended that the court deny a secured creditor's motion for issuance of a replevin order and dismiss a count for replevin based on the lack of in rem jurisdiction. There, the defendant argued "that Plaintiff's action for replevin should be dismissed for lack of in rem jurisdiction over the Collateral as none of the Collateral is not located within the judicial district, nor even in the state of Florida." Center Capital, supra at 2. See also Prestige Rent-A-Car, Inc., v. Advantage Car Rental and Sales, Inc., 656 So. 2d 541 (Fla. 5th DCA 1995); Inversiones S.O.S. v. First Union National Bank of Florida, 702 So. 2d 285 (Fla. 4 th DCA 1997).

In Center Capital, supra, it was noted that "every action which involves property in the litigation is not an in rem action; but every cause of action the object of which requires the court to act directly on property, or on the title to the property (the res), is an in rem action."[1] Center Capital, supra 6. In the Center Capital, the Magistrate concluded that:

> Here, Gulfstream contends that, contrary to Center Capital's allegations in the Complaint, the Collateral that Center Capital seeks to replevy is located outside Florida and has never been physically present in the state. If Gulfstream has

---

[1] In Center Capital, it was stated, that Florida courts have been clear in describing the in rem jurisdictional requirement not as a matter of venue, but, rather, as a matter of subject-matter jurisdiction." Center Capital, supra at 9. It elaborated that, "In other words, a court must first have in rem jurisdiction (as well as all other jurisdiction) to consider a plaintiff's replevin cause of action." Center Capital, supra at 9. In Center Capital, supra, the Court recognized that, "because replevin is a 'possessory action,' intermediate Florida courts considering the nature of the replevin appear to have uniformly concluded that replevin requires in rem jurisdiction over the subject matter." Center Capital, supra at 6. It determined that, replevin is sometimes described as a 'mixed action.' Nevertheless, as discussed previously, for a court to have jurisdiction over a replevin claim seeking return of property, the court must have in rem jurisdiction over the property that is the subject of the action, meaning that the property must be physically located within the court's jurisdiction." Center Capital, supra at 6.

> adequately demonstrated this to be the case, the Court lacks in rem jurisdiction, and, thus, must dismiss Count 1 of the Complaint." Center Capital, supra at 6

The mere fact that the security agreement references an assembly of the collateral does not create an in rem jurisdiction which does not otherwise exist. In Center Capital, supra, the Court noted that injunctive relief was provided when the collateral was located in five different states in Clark Equipment Company v. Armstrong Equipment Company, 457 F. 2d 54 (5th Cir. 1970). However, in the Clark Equipment case, there was no challenge to the in rem jurisdiction of the federal court in the equitable action to foreclose the security agreement. It is clearly distinguishable from the instant case. In Clark Equipment, supra, the creditor brought suit in the United States District Court for the Northern District of Alabama. The debtor was an Alabama corporation. Its road-building equipment was located in Alabama and also in four contiguous states. The Clark Equipment court clearly had in rem jurisdiction over the foreclosure action in Alabama and the debtor did not challenge the uniform commercial code provision requiring assembly of the road-building equipment for turnover to the creditor.

**G. THE "CONFESSION OF JUDGMENT" IS A NULLITY AND UNENFORCEABLE**

Plaintiffs seek to support entitlement to an injunction based on confession of judgment provisions in security documents. However, Plaintiffs have ignored that a "confession of judgment" is invalid under Florida law. Fla. Stat. § 55.05 nullifies and invalidates confessions of judgment. It provides that:

> all powers of attorney for confessing in suffering judgment to pass by default in otherwise, and all general releases of error, heretofore made or to be made hereafter by any person whatsoever within or without this state, before such action brought shall be absolutely null and void. See also Gene's Gulf, Inc. v. Walnut Equipment Leasing Co., Inc., 391 So. 2d 753, 754 (Fla. 5th DCA 1980)("in Florida, confession of judgment provisions are invalid." Gene's Gulf, supra at 754); Hawke v. Broward National Bank of Fort Lauderdale, 220 So. 2d 678 (Fla. 4th DCA 1969)("a confession of judgment is null and void in Florida"). Hawke, supra at 679.

The fallacy, in all of the Plaintiffs' "confession of judgments" and waiver arguments, is that the parties cannot confer jurisdiction when none exists. They cannot waive lack of subject matter jurisdiction. For example, in Center Capital Corporation v. Gulfstream Crane, LLC, 2009 WL 4909430 (S.D. Fla. 2009), the United States Magistrate pointed out that "a party cannot waive in rem jurisdiction under Florida Law, and a court proceeding pursuant to in rem jurisdiction must actually possesses in rem jurisdiction over the property that is the subject of the matter." Center Capital, supra at 7.

## H. NO ENTITLEMENT TO PREJUDGMENT INJUNCTIVE RELIEF

In Center Capital, supra, the creditor argued (for in rem jurisdiction) that under Fla. Stat. §679.609(3), a secured party "may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties." Center Capital, supra at 9.[2] In Center Capital, supra, the Court took the view that, "an action pursuant to Section 679.609(3) is not a replevin action. Indeed, if it were, the Court would lack jurisdiction over it, as discussed previously, since the Court would still have to have in rem jurisdiction over the collateral a circumstance that does not exists in this case." Center Capital, supra at 11

---

[2] In Center Capital Corporation v. Gulfstream Crane, LLC, 2009 WL 4909430 (S.D. Fla. 2009), the provision was substantially broader than the assembly provision in the instant case. Paragraph 11(1)(2) of the Master Agreement, provided, in part, that:

> Upon the occurrence of an Event of Default, Lender may, in its discretion, exercise any one or more of the following remedies with respect to any Equipment....(2) cause Borrower to promptly discontinue use of or disable any Equipment and, at Borrower's expense, have the Equipment assembled, prepared and adequately protected for shipment (together with all related manuals, documents and records, and any other Collateral), and either surrendered to lender in place or shipped (freight and insurance pre-paid) to such location as lender may designate within the forty-eight contiguous United States." Center Capital, supra at 10.

## I. AN INJUNCTION WILL NOT LIE WHEN THE APPLICANT HAS AN ADEQUATE REMEDY AT LAW

Even if this Court could exercise in rem jurisdiction over the collateral, equitable relief would still be entirely inappropriate because Plaintiffs would then have available adequate remedies at law. For example, Plaintiffs would have an adequate legal remedy in replevin for the recovery of possession of the collateral.[3]

It is well settled that when the creditor has an adequate remedy at law against the debtor, a court of equity generally will not intervene. See Recarey v. Rader. 320 So. 2d 28, 30 (Fla. 3d DCA 1975) (appointment of a receiver); Electro Mech. Inc. v. Borona, 324 So. 2d 638, 639 (Fla. 3d DCA 1976) (appointment of receiver); Conway Meats, Inc. v. Orange Ave. P'ship, 440 So. 2d 674 (Fla. lst DCA 1983) (injunctive relief); American Sav. & Loan Ass'n of Fla. v. Bertoglio, 441 So. 2d 1101 (Fla. 4th DCA 1983) (appointment of a receiver); Mary Dee's. Inc. v. Tartarnella, 492 So. 2d 815, 816 (Fla. 4th DCA 1986) (injunctive relief denied where creditor's remedies of attachment or garnishment were adequate); Hiles v. Auto Bahn Fed'n, Inc., 498 So. 2d 997, 999 (Fla. 4th DCA 1987); Lopez Oritz v. Centrust Sav. Bank, 546 So. 2d 1126, 1127 (Fla. 4th DCA 1989); Barbouti v. Lysandrou, 559 So. 2d 648, 650 (Fla. 3d DCA 1990) (no injunctive relief since legal remedies were adequate); Breakers of Fort Walton Beach Condos., Inc. v. Atlantic Beach Mgmt., Inc., 552 So. 2d 274, 275 (Fla. 1st DCA 1989); CMR Distribs., Inc. v. Resolution Trust Corp., 593 So. 2d 593, 594 (Fla. 3d DCA 1992) (order requiring deposit of funds into court registry erroneous prior to entry of judgment in action at law); Rosen v. Cascade Int'1. Inc., 21 F. 3d 1520, 1531 (11th Cir. 1994).

---

[3] Conversely stated, if Count VIII is really a disguised claim for replevin, then there are no counts or claims in the complaint for equitable relief. However, Defendants primary position is that both the foreclosure count (and to the extent that it is really a claim for replevin), suffer from the same infirmity - a lack of in rem jurisdiction to enforce either remedy.

## J. NO IRREPARABLE HARM; DAMAGE TO DEFENDANTS OUTWEIGHS INJURY TO PLAINTIFFS

Only the Defendants would be irreparably harmed or injured by entry of an injunction. If the Court granted the Plaintiffs' motion for injunctive relief, Defendants would be left without financing to defend the merits of the Plaintiffs' ligation. This makes the intention of the Plaintiffs obvious. They would like to hinder the Defendants' ability to defend themselves against their allegations. In effect, they are asking this Court to issue a Mareva injunction. Such an injunction is not permitted.

In Grupo Mexicano de Desarrollo. SA v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999) the United States Supreme Court stated that "the Mareva injunction has been recognized as a powerful tool for general creditors; indeed it has been called the 'nuclear weapon of the law.' R. Outh & W. Flenley, The Mareva Injunction and Anton Piller Order: Practice and Precedent xi (2d ed. 1993)."

In Grupo Mexicano, supra, the court was called to decide whether, in an action for money damages, a federal district court has the power to issue a preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest can be validly claimed. In determining the answer to that question the United States Supreme Court said that:

> the substantive prerequisites for obtaining an equitable remedy as well as the general availability of injunctive relief are not altered by Rule 65 and depend on the traditional principles of equity jurisdiction. llA C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure Section 2941, p. 31 (2d ed. 1995). We must ask, therefore, whether the relief respondents requested here was traditionally accorded by court of equity.

When there is an adequate remedy at law or the court lacks equitable in rem jurisdiction and the courts will not exercise their equitable powers to issue an injunction. The United States Supreme Court further reasoned that the most significant reason to deny a Mareva injunction is

the historical principle that before judgment, an unsecured creditor has no right at law or in equity in the property of his debtor. Grupo Mexicano, supra at 330. In continuing its analysis, the United States Supreme Court said:

> the requirement that the creditor obtain a prior judgment is a fundamental protection in debtor-creditor law-rendered all the more important in our federal system by the debtor's right to a jury trial on the legal claim. There are other factors which likewise give us pause: The remedy sought here could render Federal Rule of Civil Procedure 64, which authorizes use of state prejudgment remedies, a virtual irrelevance. Why go through the trouble of complying with local attachment and garnishment statutes when this all-purpose prejudgment injunction is available? More importantly, by adding, through judicial fiat, anew and powerful weapon to the creditor's arsenal, the new rule could radically alter the balance between debtor's and creditor's rights which has been developed over centuries through many laws- including those relating to bankruptcy, fraudulent conveyances, and preferences. Because any rational creditor would want to protect his investment, such a remedy might induce creditors to engage in a "race to the courthouse" in cases involving insolvent or near-insolvent debtors, which might prove financially fatal to the struggling debtor. Grupo Mexicano, supra at 330, 331.

Based on the holding in Grupo Mexicano, supra, the Plaintiffs are not entitled to the relief they are seeking, if there is no in rem jurisdiction for the foreclosure action. In Rosen v. Cascade International. Inc., 21 F. 3d 1520 (11th Cir. 1994), the Eleventh Circuit Court of Appeals recognized that:

> [i]t is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy into the registry of the court . . . or indeed for any restraint upon the use of a defendant's unrestricted assets prior to the entry of judgment. Rosen, supra at 1531.

Additionally, the court stated that:

> bringing an action to recover money damages "does not entitle the claimant to equitable relief simply because the complaint alleges uncertainty of collectability of a judgment if a fund of money is permitted to be disbursed. The test of the inadequacy of a remedy at law is whether a judgment could be obtained, not whether, once obtained it will be collectible. Rosen, supra at 1531.

**K. NO REASONABLE LIKELIHOOD OF SUCCESS ON MERITS**

In Center Capital Corporation v. Gulfstream Crane, LLC, 2009 WL 4909430 (S.D. Fla. 2009), it was pointed out that:

> Center Capital's Complaint should have alleged and Center Capital must prove all four of the following showings in order to demonstrate that a court should issue preliminary injunctive relief: "(1) a substantial likelihood of success on the merits; (2) irreparable injury absent and injunction; (3) the injury outweighs whatever damage the injunction may cause the opposing party; and (4) and injunction is not adverse to the public interest." Center Capital, supra 12

Plaintiffs' right to injunctive relief is determined under the substantive provisions of Florida state law. Furthermore, Fed. R. Civ. P. 65 requires that alleged facts be stated with specificity when requesting injunctive relief. However, the allegations made in both the complaint, renewed motion and affidavit are conclusory, based upon unsubstantiated hearsay, and are generally insufficient to warrant issuance of injunctive relief.

The court is not authorized to enter an injunction or appoint a receiver where the plaintiff's motion or complaint contains "mere brief, or fears or legal conclusions that notice would accelerate the injury sought to be averted." Jacksonville Ferry Co. v Stockton, 40 Fla. 141, 23 So.557, 559 (Fla. 1898). It has also been recognized that the supporting affidavits cannot be made on information and belief. See Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441, 446 (Fla. 1938). In Dixie Music, supra, the Florida supreme court noted that an affiant, should not recite that he believes if notice is given, concealment will result. He must further state that "these things will or are likely to take place, if notice of hearing is given." Likewise, the Dixie Music court noted that statements of what the debtor "would" do or "could" do were not sufficiently positive, and the affiant was required to state what the debtor "will" do or "is going to" do.

The request for an injunction fails because Plaintiffs cannot show that they are

reasonably likely to prevail on the merits of Count VIII for foreclosure of security interest. The Court lacks in rem jurisdiction over Count VIII since the property, which is the subject of the claim, has never been located in Florida and has, at all times material hereto, been located in New York. In the absence of in rem jurisdiction to foreclose a security interest, a claim for injunctive relief will not lie.

**CONCLUSION**

This Court should enter an Order denying the request for injunctive relief.

Respectfully Submitted,

**Avrom R. Vann**
**AVROM R. VANN, P.C.**
**ATTORNEY AT LAW**
420 Lexington Avenue - Suite 2806
New York, New York 10170-0002
Tel: (212) 382-1700
Fax: (212) 661-6976
A2442@aol.com

And

**Stephen Rakusin**
**THE RAKUSIN LAW FIRM**
**A PROFESSIONAL ASSOCIATION**
2919 E. Commercial Boulevard
Ft. Lauderdale, Florida 33308
Tel: (954) 356-0496
Fax: (954) 356-0416
Stephen@RakusinLaw.com

By: /s/
Stephen Rakusin, Esq.
Florida Bar No.: 183408

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 21, 2012, I electronically filed the foregoing Defendants' Memorandum of Law in Opposition to Plaintiffs' Renewed Motion for Preliminary Injunction [D.E. 16] with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on counsel of record via transmissions of Notices of Electronic Filing generated by CM/ECF, U.S. Mail, and Email on all parties listed on the attached service list.

By: /s/
Stephen Rakusin, Esq.

**SERVICE LIST**

**George N. Tompkins III, Esq.**
Wilson Elser Moskowiwtz
Edelman & Dicker, LLP
150 East 42nd Street
New York, NY 10017
Email: george.tompkins@wilsonelser.com

**Sherril M. Colombo, Esq.**
Wilson Elser Moskowiwtz
Edelman & Dicker, LLP
3800 Bank of America Tower
100 Southeast Second Street
Miami, FL 33131
Email: sherril.colombo@wilsonelser.com

W:\1713.1 Guarantee v. Brand\100-2 Motions\Def. Memo of Law in Opp to Mtn for Prelim Injct 9.21.12 js.wpd