## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-61670-CIV-ROSENBAUM

GUARANTEE INSURANCE COMPANY, *et al.*,

        Plaintiffs,

v.

BRAND MANAGEMENT SERVICE, INC., *et al.*,

        Defendants.

_____/

### ORDER DENYING PROTECTIVE ORDER; ORDER COMPELLING DISCOVERY; CONFIDENTIALITY ORDER

This matter is before the Court on Defendants' Motion for a Protective Order with Respect to Document Production [D.E. 57] and Plaintiffs' Omnibus Response Memorandum in Opposition to Defendants' Motion for Protective Order and Plaintiffs' Motion to Compel Production of Documents [D.E. 58]. On September 13, 2012, the Court granted Plaintiffs' motion to conduct expedited discovery related to their motion for a preliminary injunction. D.E. 18. Included in this motion were requests for document production aimed at Defendant Brand Management Service, Inc. ("Brand") and at Defendant Hershel Weber ("Weber"). D.E. 17-1.

At issue here are a definition and two specific requests for production. The definition, which is applicable to both requests, defines the term "Weber Entity" to mean "any business in which Weber or any member of his immediate family has or had an ownership interest of the business since January 1, 2009." D.E. 17-1 at 2, ¶ 6; 10, ¶ 6. The first request at issue is aimed at Brand and requests "[a]ll documents relating to any transfer of funds between Brand, Weber or a Weber Entity, including all checks and loan agreements." D.E. 17-1 at 7, ¶ 16. The second request at issue is directed at Weber and

seeks "[a]ll documents relating to any guaranty of any loan, line of credit, or other funding to, or for the benefit of, Brand by You or any member of your immediate family or any Weber Entity."  D.E. 17-1 at 14-15, ¶ 8.

Defendants object that the ownership interests of Weber's family members falls beyond the scope of the preliminary injunction.  D.E. 57, ¶ 4(a).  The Court disagrees.  At the heart of the preliminary injunction issue is Plaintiffs' concern that Defendants have transferred or otherwise disposed of the collateral at issue in their suit.  Ascertaining whether that has, in fact, occurred requires determining whether Defendants transferred the collateral to Weber's family members, so the definition itself does not exceed the scope of the preliminary injunction.  Further, despite Defendants' fears, Plaintiffs' discovery request does not require them to turn over documents that they do not control or possess.  *See* Fed. R. Civ. P. 34(a)(1) (requiring only that a party produce items in its "possession, custody, or control").

Similarly, while Defendants' broad reading of the two specific requests is not implausible, the Court construes the requests to be focused on the collateral at issue in this case.  As such, the Court construes the request aimed at Brand as seeking documents relating to transfers received by Defendants from Brand, Weber, or a Weber Entity, or transfers that have originated with Defendants and have been sent to Brand, Weber, or a Weber Entity.  The request does not encompass documents relating to transfers solely among other members of Weber's family.  Finally, the second request concerns any guaranty on loans, lines of credit, or other funding to, or for the benefit of, Brand — a Defendant in this case.  The manner in which Brand secured such financing is certainly relevant to Defendants' disposition of the collateral at issue in this case.

In Plaintiffs' Omnibus Memorandum, they also request that this Court enter their proposed

Confidentiality Order.  Although Defendants have not sought a Confidentiality Order from this Court, they have expressed their desire for one to Plaintiffs.  D.E. 58, ¶ 4(g).  Plaintiffs, however, oppose the terms of Defendants' proposal and have attached to their Omnibus Memorandum their own proposal. Upon consideration, the Court has entered its own Confidentiality Order, which is appended to this Order.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.    Defendants' Motion for a Protective Order with Respect to Document Production [D.E. 57] is **DENIED**.

2.    Plaintiffs' Motion to Compel Production of Documents [D.E. 58] is **GRANTED** consistent with the construction discussed above.  Defendants shall produce these documents prior to the conclusion of the parties' deposition scheduled for October 22, 2012.

3.    The parties will observe the terms of the attached Confidentiality Order.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 22nd day of October 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-61670-CIV-ROSENBAUM**

GUARANTEE INSURANCE COMPANY, *et al.*,

                Plaintiffs,

v.

BRAND MANAGEMENT SERVICE, INC., *et al.*,

                Defendants.

_____/

**<u>CONFIDENTIALITY ORDER</u>**

It is hereby **ORDERED** as follows:

     1. At the discretion of counsel, documents and information, or any part thereof, may be designated as confidential and subject to this Order by stamping each page, or on the first page of a collection or packet of pages produced as one document, with a stamp bearing the word "Confidential."

     2. At the discretion of counsel, at the time of deposition or within 30 days receipt of a certified copy of the deposition transcript, deposition testimony or any part thereof may be designated as confidential and subject to this Order by identifying, in writing, each page of testimony deemed to be confidential and/or proprietary.

     3. All claims related to the confidential or proprietary nature of documents or information shall be made in good faith. Confidential and proprietary documents, deposition testimony, and other information shall include, without limitation, documents and testimony regarding trade secrets, financial information, proprietary or other non-public commercial information, information involving privacy

interests, and other sensitive, non-public information.  Nothing in this Order constitutes a waiver of the attorney-client or work product privileges.

4.  If a party believes that a document or deposition testimony sought to be designated confidential subject to this Order, but another party disagrees, the parties shall make a good faith effort to resolve such dispute among themselves. In the event the dispute cannot be resolved, either party may apply to the Court for determination as to whether the designation is appropriate. The documents, deposition testimony or information shall be treated as subject to this Order until the Court resolves the matter.

5. Documents, deposition testimony or other information designated as confidential shall be used only for purposes of the prosecution or defense of this lawsuit, including but not limited to use in Court and at trial via submission to the Court and/or jury, and shall be shown

only to the parties, the parties' attorneys, their office staff, their retained experts and consultants, the parties, deposition witnesses in connection with this Action, the Court and its personnel, and Court reporters in connection with this Action, all of whom shall be bound by the terms of this Order.

6.  Any person to whom the Confidential Material or any of the information contained therein, is disclosed (other than counsel of record for the parties in this Action or persons regularly employed in the offices of said counsel), including court reporters at depositions in connection with the Action, but not including the Court and/or jurors to whom the Confidential Material may be disclosed in connection with the pre-trial or trial proceedings, shall first sign and agree to be bound by an Agreement of Confidentiality in the form attached hereto as Exhibit "A."

7. Any documents, briefs or memoranda filed with the Court in this Action, that use, attach, or consist of all or portions of Confidential Material shall be filed under seal with an indication that it is

being so filed pursuant to this Confidentiality Order.  The parties shall comply with this Court's Local Rules concerning sealed documents.

8. Should any or all of the Confidential Material ultimately be admitted into evidence in connection with the Action, it shall be admitted into evidence under seal.

9. Notwithstanding the foregoing, the parties may use the Confidential Material to the extent necessary in conducting discovery in the Action, including, but not limited to, using it for exhibits and to examine witnesses, including disclosing material to the witnesses and pertinent court reporters. However, impressions of depositions at which the Confidential Materials or their contents are used or disclosed shall be designated "confidential" and bound separately from the remainder of the transcript, and, if applicable, from the remainder of the video and audiotape of any deposition.

10. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this litigation.

11. After the final conclusion of this litigation, including any appeals relating thereto, all documents (and their reproductions) marked "confidential" pursuant to this Order, in the possession of any person identified above, shall continue to be subject to this Order even after the final conclusion of this litigation and shall be returned to the producing party within sixty (60) days of a written request for such return except as this Court  may otherwise order or to the extent such information was used as evidence, and was not admitted under seal, at the trial. At the conclusion of the action, any person to whom any or all of the Confidential Material has been produced shall return to the producing party all

such documents and all copies thereof, and shall confirm same in writing to the producing party.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 22nd day of October 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

cc:     Counsel of Record