UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61670-CIV-ROSENBAUM/SELTZER

GUARANTEE INSURANCE COMPANY,
*et al.*,

      Plaintiffs/Counter-Defendants,

v.

BRAND MANAGEMENT SERVICE, INC.,
*et al.*,,

      Defendants/Counter-Plaintiffs.
_____/

## ORDER ON AFFIRMATIVE DEFENSES

This matter is before the Court upon the parties' affirmative defenses to each others' claims and counterclaims [D.E. 86 & 94], their respective motions to strike the affirmative defenses [D.E. 88 & 98], and their respective motions to amend their affirmative defenses [D.E. 93 & 103]. The Court has reviewed the motions and all supporting and opposing filings. For the reasons set forth below, the Court grants both parties' motions for leave to amend their affirmative defenses and denies the motions to strike.

### *I. INTRODUCTION*

Plaintiffs[1] filed a multi-count Complaint against Defendants on August 24, 2012. D.E. 1. Plaintiffs allege that Defendants obtained workers' compensation insurance coverage from Plaintiffs

---

[1] For simplicity's sake, in this Order, Plaintiffs/Counter-Defendants Guarantee Insurance Company, Patriot National Insurance Group, and Patriot Underwriters, Inc., will be referred to collectively as "Plaintiffs" and Defendants/Counter-Claimants Brand Management Service, Inc., and Hershel Weber will be referred to collectively as "Defendants."

but failed to make the required premium payments. Plaintiffs further assert that the parties entered into multiple agreements in an attempt to resolve the payment defaults but that Defendants failed to make the payments required by those agreements as well. *See id.* ¶¶ 8-36. Defendants deny Plaintiffs' claims, contending, among other things, that Defendants have paid all the money due, that Plaintiffs breached the agreements, and that the agreements were procured by fraud. *See* D.E. 86; D.E. 91; D.E. 93-1.

After the Court denied Defendants' Motions to Dismiss, *see* D.E. 78, Defendants filed an Answer and affirmative defenses to the Complaint, as well as a Counterclaim against Plaintiffs. D.E. 86. Plaintiffs moved to strike Defendants' affirmative defenses. D.E. 88. In response, Defendants amended their Counterclaim and sought leave to amend their affirmative defenses. D.E. 91; D.E. 93. Plaintiffs oppose the amendment of the affirmative defenses as futile, arguing that the proposed amendment is insufficient as a matter of law. D.E. 95.

Plaintiffs filed their Answer and affirmative defenses to Defendants' Amended Counterclaim on February 25, 2013. D.E. 94. Defendants then moved to strike Plaintiffs' affirmative defenses. D.E. 98. Plaintiffs responded by seeking leave to amend their affirmative defenses. D.E. 103. Defendants do not oppose Plaintiffs' Motion to Amend. D.E. 104.

## II. LEGAL STANDARDS

A.   **Standard for Amending Affirmative Defenses**

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs amendments to pleadings beyond those amendments permitted as a matter of course. The rule provides that a party seeking to amend its pleading may do so only with the written consent of the adverse party or the Court's leave, though the rule explains that leave shall be given freely when justice so requires. Fed. R. Civ.

P. 15(a)(2); *Angiolillo v. Collier County*, 394 F. App'x 609, 611 (11th Cir. 2010) (citing *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007)).

The decision to grant or deny leave to amend falls within the discretion of the district court. *Id.*  Although leave to amend should be given freely, a court should deny the amendment if the movant is guilty of undue delay, bad faith, or dilatory motive; the movant has repeatedly failed to cure deficiencies by amendments previously allowed; the amendment would result in undue prejudice to the opposing party; or the amendment would be futile.  *See Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the typical case, amendment of a claim is deemed futile if the amended claim would still be subject to dismissal.  *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).  Likewise, courts have found amendments to defenses futile if they would "necessarily fail." *See Bartonics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 535 (S.D. Ala. 2007) (citations omitted).  Because answers and affirmative defenses are not dismissed, traditionally, but rather stricken, in the context of affirmative defenses, the futility standard necessarily merges with the standard for striking defenses under Rule 12(f), Fed. R. Civ. P.  *See id.*

**B.     Standard for Striking Affirmative Defenses**

Rule 12(f), Fed. R. Civ. P., governs the Court's authority to strike defenses.  The Court has broad discretion when considering a motion to strike.  *See Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005).  Striking defenses from a pleading, however, "is a drastic remedy to be resorted to only when required for the purposes of justice" and only when the stricken material has "no possible relation to the controversy."  *See Augustus v. Bd. of Pub.*

*Instruction of Escambia County., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962);[2] *Jackson v. Grupo Indus. Hostelero, S.A.*, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008)).

Affirmative defenses must be pled by a party when responding to a claim for relief. Fed. R. Civ. P. 8(b), (c). An affirmative defense is established only when "a defendant admits the essential facts of the complaint and sets up other facts in justification or avoidance." *Morrison*, 434 F. Supp. 2d at 1318 (citing *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986)).

Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion. Some courts have held that affirmative defenses are subject to the heightened pleading standard of Rule 8(a) set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). *Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011). "If this is correct, affirmative defenses which merely offer 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678) (internal citation omitted)). To meet the requirements of *Twombly* and *Iqbal*, an affirmative defense would have to contain factual allegations sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

As a basis for this conclusion, courts adopting this position have explained that it is unfair "to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [the plaintiff's] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case."

---

[2] Decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

*Castillo v. Roche Labs., Inc.*, 2010 WL 3027726, *2 (S.D. Fla. Aug. 2, 2010) (citation and internal quotation marks omitted).  In addition, such courts have reasoned, when defendants are permitted to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery."  *Id.* at *3 (citation and internal quotation marks omitted).

Other courts, however, have held that the heightened pleading standard of *Twombly* and *Iqbal* does not apply to affirmative defenses.  *See, e.g.*, *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Blanc v. Safetouch, Inc.*, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008).  These courts have pointed to the differences between Rule 8(a), which governs the pleading of claims, and Rules 8(b) and(c), Fed. R. Civ. P., which apply to affirmative defenses.

Rule 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 8(b)(1)(A) provides only that, when responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it."  Similarly, Rule 8(c) requires parties to "affirmatively state any avoidance or affirmative defense."  Homing in on the absence of the "showing" language in Rules 8(b) and (c), courts finding the *Twombly*/*Iqbal* pleading standard to be inapplicable to the pleading of affirmative defenses have rested their argument primarily on three major bases.

First, these courts argue that the *Twombly* pleading standard is grounded in Rule 8(a)(2)'s "showing" requirement.  *See EEOC v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012).  To demonstrate this contention, these courts note that the Supreme Court explained in *Twombly*, "[A] plaintiff's obligation to provide the 'grounds' of his '*entitle[ment] to relief*' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* (quoting *Twombly*, 550 U.S. at 555) (emphasis added by *Joe Ryan* Court). Similarly, they point to language in footnote 3 of the majority opinion, which responds to the dissent's argument that the Federal Rules eliminated fact pleading altogether and states, "Rule 8(a)(2) still requires a '*showing*," rather than a blanket assertion, of *entitlement to relief*." *Id.* at 662-63 (quoting *Twombly*, 550 U.S. at 555 n.3) (emphasis added by *Joe Ryan* Court).

Second, these courts observe the stark omission of the "showing" requirement from Rules 8(b) and (c) and point out the sole requirement of "stating" in Rules 8(b) and (c). *See id*. at 662-63. A significant difference exists between requiring the statement of something and requiring the showing of something. "To state" means "[t]o set forth in words; declare," *The American Heritage Dictionary* 1694 (4th ed. 2000), while "to show" refers to the practice of "demonstrat[ing] by reasoning or procedure" or "demonstrat[ing] to by reasoning or procedure; inform[ing] or prov[ing] to: *showed him how to fix the camera; showed her that it could really happen*," *id.* at 1612. Thus, showing requires significantly more than stating alone.

Third, recognizing what these courts characterize as the clear difference in directives between the language of Rule 8(a), on the one hand, and Rules 8(b) and (c), on the other, these courts invoke the "well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *Id.* at 663 (citing *Bus. Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)). In particular, these courts note that if the drafters of Rule 8 had intended for the "showing" requirement to apply to the pleading of defenses, they knew how to say it, as demonstrated by Rule 8(a), and would have written that requirement into Rules 8(b) and (c). *Id.* The drafters of Rules 8(b) and (c) having not done so, these courts reason,

the judiciary is not itself free to engraft the "showing" requirement onto these rules. *Id.* Thus, these courts conclude, where, as with Rule 8, the language of the provision being construed is clear, the analysis ends with the language, and the court may not take into account policy considerations. *Id.*

Although this Court finds the reasoning behind the cases applying the *Twombly* standard to the pleading of defenses to be inherently more appealing from a policy standpoint, in the end analysis, this Court is ultimately convinced of the correctness of the cases holding that the clearness in the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses. "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir.1988)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744, *8 (N.D. Ga. June 13, 2011). "Rule 8 'does not obligate a defendant to set forth detailed factual allegations' but only to 'give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests.'" *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840 at *2 (N.D. Fla. June 25, 2012). Therefore, so long as Defendants' affirmative defenses give Plaintiffs notice of the claims Defendants will litigate, and vice versa, the defenses will be appropriately pled under Rules 8(b) and (c).

As noted, motions to strike are disfavored by courts. *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327-28 (S.D. Fla. 2011) (citing *Augustus*, 306 F.2d 862 at 868). Thus, ultimately, affirmative defenses should be stricken where they fail to give the plaintiff

fair notice of the nature of the defense or where they are clearly insufficient as a matter of law. "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Smith v. Walmart Stores, Inc.*, 2012 WL 2377840 at *2 (N.D. Fla. June 25, 2012) (citation omitted); *Zeron v. C&C Drywall Corp., Inc.*, 2009 WL 2461771 (S.D. Fla. Aug. 10, 2009); *Blount v. Blue Cross and Blue Shield of Florida, Inc.*, 2011 WL 672450 at *1 (M.D. Fla. Feb. 17, 2011).

### *III. DISCUSSION*

**A. Plaintiffs' Unopposed Motion to Amend**

As highlighted above, Rule 15(a)(2) permits amendments with the written consent of the parties. The Court construes Defendants' statement that they have no opposition to Plaintiffs' Motion to Amend as written consent for the amendment. *See* D.E. 104, ¶ 2. Accordingly, the Court grants Plaintiffs' motion to amend[3] [D.E. 103] and deny as moot Defendants' motion to strike [D.E. 98].

**B. Defendants' Amended Affirmative Defenses**

Defendants' proposed amendments set forth the same nine affirmative defenses that Defendants originally stated, but, in several instances, Defendants have included more factual detail. *Compare* D.E. 93-1 *with* D.E. 86. Plaintiffs maintain that Defendants' second (unclean hands), third (waiver), fourth (laches), and fifth (estoppel) affirmative defenses are invalid because "they rely upon

---

[3] In Paragraph 19 of their amended affirmative defenses, Plaintiffs purport to "reserve the right to raise additional affirmative defenses as fact are developed through discovery." D.E. 103-1, ¶ 19. Whatever effect this "reservation" has, the Court observes that it does not excuse Plaintiffs from the Federal Rules governing the amendment of pleadings. *See, e.g.*, Merrill Lynch Bus. Fin. Servs., Inc. v. Perf. Mach. Sys. U.S.A., Inc., 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005).

a cause of action (accounting) that is itself insufficient and entirely improper." D.E. 95 at 4. Additionally, Plaintiffs argue that Affirmative Defense Eight should be stricken because it is nothing more than a denial, which is an improper use of an affirmative defense. *Id.* at 7. Finally, Plaintiffs claim that the ninth affirmative defense, which alleges fraud, fails to satisfy the particularity requirements set forth in Rule 9(b), Fed. R. Civ. P.

Defendants' Affirmative Defenses Two through Five raise the defenses of unclean hands, waiver, laches, and estoppel on the basis of Plaintiffs' alleged failure to provide an accounting of the money Defendants paid to Plaintiffs over the course of their relationship. *See* D.E. 93-1, ¶¶ 3-31. In arguing that amendment is futile, Plaintiffs contend first that Defendants have not adequately pled a claim for an accounting under Florida law. Based on this conclusion, Plaintiffs posit that Defendants "cannot contrive affirmative defenses out of a non-existent accounting claim." D.E. 95 at 4. Plaintiffs further argue that even if Defendants had adequately pled an accounting claim, they have not demonstrated how the lack of an accounting gives rise to the defenses of unclean hands, waiver, laches, or estoppel. *Id.*

Under the notice standards of Rules 8(b) and (c), however, Defendants' affirmative defenses are adequate. Unclean hands, waiver, laches, and estoppel are all well-recognized, valid defenses and they are not patently frivolous on their faces. By asserting them and linking them to an alleged failure to provide a requested accounting, Defendants have sufficiently given Plaintiffs "fair notice of the nature of the defense and the grounds upon which it rests." *Smith*, 2012 WL 2377840 at *2. Plaintiffs' demand that Defendants plead first a plausible claim for an equitable accounting and then plead facts adequate to demonstrate that each defense can be established by the lack of such an accounting far exceeds the requirement of Rules 8(b) and (c) to "state" the defense. Of course, the

merits of Defendants' defenses and whether, under these circumstances, they are established by Plaintiffs' alleged failure to provide an accounting when requested, is a matter for a later stage of this litigation.

Defendants' eighth affirmative defense asserts that "Defendants have paid the monies which the Plaintiffs seek to recover in the Complaint herein." D.E. 93-1, ¶ 39. As Plaintiffs correctly contend, this statement merely denies Plaintiffs' claims but is not itself an affirmative defense. When a party asserts a mere denial as an affirmative defense, "the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." *FDIC v. Bristol Home Mortgage Lending, LLC*, 2009 WL 2488302, at *3 (S.D. Fla. Aug. 13, 2009) (citations omitted). Because the Court would not strike the disguised denial, its inclusion does not make Defendants' amendment futile. However, the Court will treat Affirmative Defense Eight as a denial.

Defendants' amended ninth affirmative defense asserts that Plaintiffs' fraud in the procurement of "the Notes, the Security Agreements, and the Guaranties" renders them unenforceable. D.E. 93-1, ¶¶ 40-44. Plaintiffs maintain that the amended fraud defense, which is noticeably more detailed than Defendants' original fraud defense, is still inadequate to satisfy the heightened pleading requirements of Rule 9(b), Fed. R. Civ. P.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting the fraud." Courts have held that this heightened pleading standard may be satisfied if a party sets forth

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such

> statements and the manner in which they misled the plaintiff, and (4) what the defendants "obtained as a consequence of the fraud."

*See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). These factors are not exclusive, however, and a plaintiff may satisfy Rule 9(b)'s particularity requirements through alternative means. *Id.*; *see Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1988) ("Allegations of date, time or place satisfy the Rule 9(b) requirement that the *circumstances* of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule." (emphasis in original) (citations omitted)).

Rule 9(b)'s particularity requirements must be read in conjunction with Rule 8 "so as not to abrogate the concept of the notice pleading." *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1344 (S.D. Fla. 2010) (quoting *Durham*, 847 F.2d at 1511). Thus, fair notice is the most basic consideration underlying Rule 9(b). *Brooks*, 116 F.3d at 1381 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994)).

Here, Defendants allege that Plaintiffs' representatives misrepresented to Defendants that the Notes, Security Agreements, and Guaranties that they were seeking from Defendants "were not intended to create any new or different liabilities or obligations apart from those that were already existing." D.E. 93-1, ¶ 41. Defendants further aver that these misrepresentations took place in the Plaintiffs' offices in Fort Lauderdale, Florida, at the time that Defendants sought to make payment of past-due amounts. *Id.* ¶¶ 41-42. Finally, Defendants aver that, based on these misrepresentations, Plaintiffs obtained the executed Notes, Security Agreements, and Guaranties that Plaintiffs now seek to enforce in this lawsuit, contrary to the warranties allegedly made. *Id.* ¶ 42.

Here, Defendants have identified the misrepresentation allegedly made (no new liabilities) and the manner in which Defendants claim to have been misled (executing agreements based on that misrepresentation). Although Defendants have not identified the person making these misrepresentations by name or the precise hour or date of the misrepresentations, they have otherwise identified the statement maker and time generally. *See Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), *cited by Durham*, 847 F.2d at 1512 (finding precise timing and wording are not required by Rule 9(b)). Moreover, Plaintiffs' own Complaint recounts in detail the process of obtaining the Notes, Security Agreements, and Guaranties. *See* D.E. 1, ¶¶ 25-36; *see also United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 n.18 (11th Cir. 2002) (finding that Rule 9(b) may be satisfied by reading the pleading together with other documents on the record). Accordingly, Defendants' amended ninth affirmative defense satisfies Rule 9(b) and Rule 8 and gives Plaintiffs fair notice of Defendants' fraud defense.[4]

Therefore, none of Defendants' proposed amendments are futile. The Court thus grants Defendants' Motion to Amend and denies as moot Plaintiffs' Motion to Strike.

### IV. CONCLUSION

Accordingly, for the reasons set forth above, it is **ORDERED AND ADJUDGED** as follows:

---

[4] Plaintiffs also argue that the subject agreements contain merger clauses that defeat any fraud defense. D.E. 95 at 8. Whether these clauses actually overcome any accusations of fraud in procuring the agreements is a question that goes to the merits of the defense, not the adequacy of pleading.

1. Plaintiffs' Motion for Leave to Amend Affirmative Defenses to Counterclaim [D.E. 103] is **GRANTED**;

2. Counter-Plaintiffs' Motion to Strike Counter-Defendants' Affirmative Defenses [D.E. 98] is **DENIED AS MOOT**;

3. Defendants' Motion for Leave to File Amended Affirmative Defenses [D.E. 93] is **GRANTED**;

4. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses [D.E. 88] is **DENIED AS MOOT**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 22nd day of August 2013.

/s/ Robin S. Rosenbaum
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies to:
Counsel of record