UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 12-61670-CIV-ROSENBAUM**

GUARANTEE INSURANCE COMPANY,
PATRIOT NATIONAL INSURANCE GROUP,
and PATRIOT UNDERWRITERS, INC.,

    Plaintiffs,

vs.

BRAND MANAGEMENT SERVICE, INC., and
HERSHEL WEBER,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS FROM PRESENTING WITNESSES, EXHIBITS, OR DEPOSITION TESTIMONY AT TRIAL

This matter is before the Court on Defendants' Motion to Preclude Plaintiffs from Presenting Witnesses, Exhibits, or Deposition Testimony at Trial [ECF No. 207]. Pursuant to this Court's Scheduling Order, the parties' witness and exhibit lists and deposition designations were due on or before December 9, 2013. Plaintiffs, however, failed to submit their filing on time. As a result, Defendants now request that the Court prevent Plaintiffs from presenting their witnesses, exhibits, and deposition testimony at trial.

Defendants are correct that the Federal Rules of Civil Procedure permit a district court to impose sanctions for failure to comply with a discovery order. However, the sanctions sought by Defendants are extreme, and such measures are not appropriate in this instance. Precluding Plaintiffs from presenting any witnesses or evidence at trial is tantamount to entering a default judgment against Plaintiffs, as it would preclude them from proving their case at trial. *See, e.g.*, *Platypus Wear, Inc. v. Horizonte Fabricacao Distribuicao Importacao E Exportacao Ltda.*, No. 08-20738-

CIV, 2010 WL 1526028, at * 1 (S.D. Fla. Mar. 10, 2010) (noting that barring from party from submitting any evidence in support of its damage claim would have the same effect as dismissal). In order to impose such a severe sanction, the Court "must make a finding of willful or bad faith failure to comply." *Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, 412 F. App'x 230, 232 (11th Cir. 2011) (citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply" will not justify the harsh sanction of default or dismissal, and the Court's discretion in this regard is restricted by general due process considerations. *Malautea*, 987 F.2d at 1542. Indeed, the imposition of such a penalty is "appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.* (citing *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988)). And while a court's authority to impose sanctions for failure to comply with a discovery order is broad, the infliction of sanctions that are not "just" constitutes reversible error. *SEC v. Utsick*, 373 F. App'x 924, 927 (11th Cir. 2010) (citing *Jaffe v. Grant*, 793 F.2d 1182, 1189 (11th Cir. 1986)).

Plaintiffs have represented to the Court that they failed to make the required disclosures due to a calendaring error, and the Court has ordered Plaintiffs to submit their filing by December 12, 2013. *See* ECF No. 209. While the Court does not condone Plaintiffs' failure to comply with the Scheduling Order, there is no evidence that Plaintiffs' actions were taken in bad faith, and Defendants have not shown that they will be prejudiced by allowing Plaintiffs to file their disclosures three days beyond the Court's initial deadline. Moreover, cases should be determined on their merits whenever possible, and preventing Plaintiffs from presenting their case would run contrary to that principle. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365,

1368 (11th Cir. 1982) ("Courts prefer adjudication on the merits."). Ultimately, the violation at issue does not warrant the sanction that Defendants seek.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Preclude Plaintiffs from Presenting Witnesses, Exhibits, or Deposition Testimony at Trial [ECF No. 207] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of December 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
The Honorable Patrick M. Hunt
Counsel of record