# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-61670-CIV-ROSENBAUM

GUARANTEE INSURANCE COMPANY,
PATRIOT NATIONAL INSURANCE GROUP,
and PATRIOT UNDERWRITERS, INC.,

      Plaintiffs,

vs.

BRAND MANAGEMENT SERVICE, INC. and
HERSHEL WEBER,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO STRIKE

This matter is before the Court on Defendants' Motion to Strike Plaintiffs' Reply to Defendants' Contravention of Plaintiffs' Statement of Undisputed Material Facts and Exhibit 2 of Plaintiffs' Reply Memorandum in Support of their Motion for Partial Summary Judgment [ECF No. 129]. The Court has considered the Motion and Plaintiffs' response and is otherwise fully advised in the premises.

Defendants' Motion to Strike requests that the Court strike Plaintiffs' Reply to Defendants' Contravention of Plaintiffs' Statement of Undisputed Material Facts because such a reply is not permitted by the Local Rules. The Court respectfully disagrees. Local Rule 56.1, S.D. Fla., provides that a motion for summary judgment and the opposition thereto must be accompanied by a statement of material facts. The Rule states that any additional facts included by the party opposing summary judgment must be numbered and placed at the end of the opposing party's statement of material facts. The Rule further requires that if those "additional facts are *addressed in the reply*"(emphasis

added), "the movant shall use the opposing party's numbering scheme."  The mention of the movant's reply with respect to the statement of material facts implies that the movant is in fact permitted to file a statement in response to the opposing party's filing.  Plaintiffs' Reply in this instance does not violate the Local Rules.  Defendants' Motion to Strike Plaintiffs' Reply is therefore denied.

Defendants also request that the Court strike Exhibit 2 of Plaintiffs' Reply Memorandum in support of the Motion for Partial Summary Judgment.  Rule 12(f) Fed. R. Civ. P., provides that a court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  But this Rule permits the Court to strike material in "a pleading" only.  *See Riviera S. Apartments, Inc. v. QBE Ins. Co.*, No. 07-60934-CIV, 2007 WL 2506682 (S.D. Fla. Aug. 30, 2007).  Because the exhibit is not a pleading, the Court denies Defendants' request to strike it from the record.  Nonetheless, because Defendants' main argument is that the exhibit should not be considered in resolving Plaintiffs' summary judgment motion, the Court construes Defendants' motion alternatively as a motion to exclude the exhibit from consideration.

Exhibit 2 of the Plaintiffs' Reply brief [ECF No. 127-2] is an order entered by United States Magistrate Judge Roanne L. Manne in the Eastern District of New York.  The order pertains to a lawsuit filed by Sentry Insurance Company against Brand Management, Inc., in which Sentry alleges that Brand breached the parties' worker's compensation policies.  Plaintiffs aver that the order is relevant because it supports their argument that Hershel Weber was experienced in the worker's compensation insurance industry and was thus aware of the obligations he undertook with respect to the insurance policies at issue in the present case.

In ruling on a motion for summary judgment, a court may generally consider only evidence that would be admissible at trial.  *Gen. GMC Trucks, Inc. v. Mercury Freight Lines, Inc.*, 704 F.2d

1237, 1239 (11th Cir. 1983).  Rule 404(b), Fed. R. Evid., regulates the admission of other acts to show action in conformity therewith.  Evidence of other acts is not admissible to prove a person's character, but such evidence may be used for another purpose, such as proving motive,  intent, plan, preparation and knowledge.  Admissibility of such acts hinges on three factors: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice.  *See Royal Bahamian Ass'n v. QBE Ins. Corp.*, 745 F. Supp. 2d 1380, 1383 (S.D. Fla. 2010).  Prior lawsuits are encompassed by the Rule's restriction on prior acts.  *See, e.g.*, *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008).

The New York lawsuit deals with an unrelated litigant and concerns a separate contractual agreement.  The claims alleged in that action are wholly immaterial to those asserted before this Court. Rather than tending to show Weber's experience, the evidence instead seems to suggest that Brand's purported prior breach is evidence of its current breach.  This type of propensity evidence is expressly prohibited by the Federal Rules of Evidence.  *See United States v. Covington*, 565 F.3d 1336, 1341 (11th Cir. 2009) ("Rule 404(b) prohibits the introduction of pure propensity evidence.").

And although Plaintiffs' stated reason for introducing evidence of the prior lawsuit is to establish Weber's industry knowledge, the *Sentry* order is ultimately much more prejudicial than probative.  While Weber's knowledge of the insurance industry may be pertinent to Plaintiffs' claims in this action, reference to an extraneous lawsuit is not required to make that showing.  Plaintiffs' assertion that Weber was experienced in the insurance industry can be gleaned from other documents in the record, including Weber's deposition.  Reference to a previous lawsuit is unnecessary.  The

Court thus declines to consider Exhibit 2 of Plaintiff's Reply Memorandum in resolving the Motion for Partial Summary Judgment.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Strike [ECF No. 129] is **GRANTED IN PART AND DENIED IN PART**.  Defendants' Motion to Strike Plaintiffs' Reply to Defendants' Contravention of Plaintiffs' Statement of Undisputed Material Facts is **DENIED**.  The Motion to Strike Exhibit 2 of Plaintiffs' Reply Memorandum in Support of their Motion for Partial Summary Judgment is **GRANTED** to the extent that it seeks to exclude the document from consideration in determining whether there exists a genuine issue for trial.  To the extent Defendants' Motion seeks to strike the exhibit from the record, however, the Motion is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 20th day of December 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
The Honorable Patrick M. Hunt
Counsel of record